# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DCIDS DONOR SERVICES, INC., ) | |
| ) | |
|   Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:23-cv-00699 |
| ) | |
| AZIYO BIOLOGICS, INC., MEDTRONIC ) | JUDGE CAMPBELL |
| SOFAMOR DANEK USA, INC., and ) | MAGISTRATE JUDGE NEWBERN |
| JOHN DOES 1-3, ) | |
| ) | |
|   Defendants. ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Aziyo Biologics, Inc.'s ("Aziyo") motion to dismiss and compel arbitration (Doc. No. 9), which is fully briefed. (Doc. Nos. 20, 23). For the reasons discussed below, the motion is **DENIED** as premature.

In the present case, Plaintiff DCIDS Donor Services, Inc. ("DCIDS") sues Aziyo for breach of contract and for indemnity and contribution. Aziyo seeks dismissal in favor of arbitration. The parties take differing views of whether arbitration is required, but both agree that the contract at issue involves a series of steps that precedes any potential arbitration, which arbitration, according to the contract, can be initiated by either party. While DCIDS filed correspondence from 2021, the parties have not advised the Court whether good faith efforts have or can occur to resolve the dispute or whether the dispute has been submitted to be a mediator, as contemplated as a condition precedent to arbitration in Section 7.4 of the contract at issue, although the strong indication is that mediation has not occurred.

Put another way, while the parties disagree about whether arbitration is required under the contract, they gloss over the mediation requirement in Section 7.4, with the exception of Aziyo's acknowledgment that mediation is required in it its Reply brief. While other courts may have found

the arbitration provision in Section 7.4 to be mandatory and enforceable, given that good faith negotiation and mediation have not occurred and the arbitration provision – be it optional or mandatory – is conditioned upon completing mediation, the instant motion is not ripe.

To give effect to the plain language of Section 7.4 of the agreement, the parties are **ORDERED** to meet with a representative from each party and lead counsel in person no later than January 31, 2024. If that meeting fails to resolve the dispute, the parties shall select a mediator and complete mediation on or before March 31, 2024. Upon completion of the mediation, should it be necessary, the parties shall file a joint status report concerning the status of the dispute. Should the dispute remain for adjudication following mediation, either party demands arbitration and the other party refuses to consent to arbitration, the demanding party may file a motion to compel arbitration.

To allow the parties to focus on the meeting and mediation described above, the Court **VACATES** the Initial Case Management Order (Doc. No. 33). Should the case remain pending after the steps set forth above, Judge Newbern will convene another case management conference.

Aziyo's motion for oral argument (Doc. No. 11) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE