# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **DCIDS DONOR SERVICES, INC.,** ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:23-cv-00699 |
| ) | |
| **AZIYO BIOLOGICS, INC., MEDTRONIC** ) | JUDGE CAMPBELL |
| **SOFAMOR DANEK USA, INC., and** ) | MAGISTRATE JUDGE NEWBERN |
| **JOHN DOES 1-3,** ) | |
| ) | |
|    Defendants. ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Medtronic Sofamor Danek USA, Inc.'s ("MSD") motion to dismiss, (Doc. No. 7), brought under Federal Rule of Civil Procedure 12(b)(6), which is fully briefed. (Doc. Nos. 21, 24). For the reasons discussed below, MSD's motion is **GRANTED**.

Plaintiff DCIDS Donor Services, Inc. ("DCIDS") filed a complaint in state court asserting two claims: (1) breach of contract against Defendant Aziyo Biologics, Inc. ("Aziyo"), and (2) indemnity and contribution arising from the acts of Aziyo. (Doc. No. 1-2). Aziyo removed the case to this Court under diversity jurisdiction, asserting that the presence of non-diverse MSD should be ignored under the doctrine of fraudulent joinder, because the Complaint does not articulate a cause of action against MSD. (*See* Doc. No. 1 ¶¶ 11-15). Through its pending motion, MSD seeks dismissal on the grounds that the Complaint is void of any allegations that support a claim against it. DCIDS responds, not by pointing the Court to the allegations in the Complaint, but instead by attaching documents to its response, (Doc. Nos. 21-1, 21-2, 21-3), that are not referenced or incorporated into the Complaint, but rather are outside the pleadings, presumably to explain why claims against MSD exist.

The parties disagree as to whether the Court, when reviewing an argument for fraudulent joinder,[1] should consider the federal Rule 12(b)(6) standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) or the standard applied in Tennessee state courts. To survive a motion a dismiss under the federal standard, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In contrast, "Tennessee has rejected the *Twombly*/*Iqbal* standard for analyzing motions to dismiss." *Garner v. SDH Servs. E., LLC*, 55 F. Supp. 3d 1016, 1022 (M.D. Tenn. 2014) (citing *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422 (Tenn. 2011)). Instead of the more stringent federal standard, Tennessee employs a "liberal notice pleading standard," the primary purpose of which is merely "to provide notice of the issues presented to the opposing party and the court." *Id*. Nevertheless, "Tennessee courts have long interpreted Tennessee Rule of Civil Procedure 8.01 to require a plaintiff to state the facts upon which a claim for relief is founded." *Webb*, 346 S.W.3d at 427 (citation and internal quotations omitted). Thus, "[t]o be sufficient and survive a motion to dismiss, a complaint must not be entirely devoid of factual allegations." *Id*.

Under both the federal and Tennessee standards, matters outside of the pleadings are not to be considered in deciding a motion to dismiss. *See Elec. Merch. Sys. LLC v. Gaal*, 58 F.4th 877, 883 (6th Cir. 2023) ("in considering a motion to dismiss, the district court is confined to

---

[1] "A defendant is fraudulently joined if it is clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 432–33 (6th Cir. 2012) (citation and internal quotations omitted)). "The relevant inquiry is whether there is 'a colorable basis for predicting that a plaintiff may recover against [a defendant].'" *Id*. at 433 (quoting *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)).

considering only the pleadings, or else it must convert the motion into one for summary judgment under Rule 56."); *Elvis Presley Enterprises, Inc. v. City of Memphis*, 620 S.W.3d 318, 322 (Tenn. 2021) (matters outside the pleadings should not be considered in deciding whether to grant a Rule 12.02 motion to dismiss). Accordingly, the Court will exclude these documents from consideration in evaluating the pending motion to dismiss.

While the Sixth Circuit has not explicitly addressed which standard district courts should apply, *see Garner*, 55 F. Supp. 3d at 1022, under either standard, the Complaint falls short of stating a claim against MSD. In fact, other than listing MSD as a party, DCIDS makes no other mention of MSD in the Complaint. (*See* Doc. No. 1-2).

Accordingly, for the foregoing reasons, MSD's motion to dismiss is **GRANTED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE